THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURDEEP BOPARAI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAFEWAY INC., *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C25-1788-JCC<br><br>MINUTE ORDER |

　　　　The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

　　　　On September 18, 2025, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. Plaintiff now seeks summons. (Dkt. No. 8.) Upon reviewing the complaint, the Court concludes it fails to establish subject matter jurisdiction.

　　　　A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, the Court must dismiss a

complaint if it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R. Civ. P. 12(h)(3).

Rule 8 provides that a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8.[1] Here, Plaintiff alleges that he fell at Defendant's premises and then one of its claim managers released to the public video of the incident. (*See* Dkt. No. 5 at 2.) Plaintiff asserts state law claims based on theories of negligence and invasion of privacy. (*Id.* at 7–8.) The complaint fails to establish the Court's subject matter jurisdiction. *See, e.g.*, *Wondra v. YouTube*, 2025 WL 2210883, slip op. at 1–3 (D. Idaho 2025).

Subject matter jurisdiction can be based on diversity of citizenship or the presentation of a federal question. *See, e.g.*, *Tucker-Meuse v. Field*, 2022 WL 706527, slip op. at 2 (D. Haw. 2022). Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. And federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331. This complaint establishes neither. Specifically, it fails to establish a diversity of citizenship. (*See generally* Dkt. No. 5.) In fact, according to the complaint, both Plaintiff and Defendant are Washington citizens. (*See id.* at 4.) Nor does it articulate an amount in question exceeding the jurisdictional threshold. Thus, it fails on both fronts. Nor does the conduct alleged establish a cause of action arising under federal law. Rather, it implicates tort-based (state) law. (*Id.* at 7–8.)

To be clear, lack of subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

---

[1] While the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

MINUTE ORDER
C25-1788-JCC
PAGE - 2

2004). However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is perhaps conceivable that Plaintiff could adequately plead diversity of citizenship and an amount in controversy exceeding the jurisdictional threshold.

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days of the date of this order.[2] If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court will dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B).

The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 14th day of September 2025.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk

---

[2] Further leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Unresponsiveness to this order to show cause would demonstrate and inability to effectively plead this Court's original jurisdiction and/or a colorable claim.

Moreover, Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must stand on its own and clearly identify the basis fo this Court's jurisdiction, the legally cognizable claims asserted against each defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.